ROBERT P. SMITH, Jr., Judge.
The Union appeals from a circuit court judgment dismissing, for lack of jurisdiction, the Union’s complaint for declaratory and other relief against the School Board. The Union sought a declaration that the collective bargaining agreement between the School Board and the Union, as representative of teachers employed by the School Board, should be interpreted as providing a certain hourly rate of pay for teachers recruited by the School Board to teach after regular school hours in the “compensatory education program.” The agreement in fact is entirely silent on the matter of compensation for extra work undertaken at school during hours beyond the regular seven-hour workday, and the Union therefore can contend only that the contract necessarily implies an agreement to pay an hourly rate computed by reference to each teacher’s base pay and hours of work.
After a bench trial on the merits, the circuit court dismissed the Union’s com *432 plaint for lack of jurisdiction, finding that the collective bargaining agreement
.. . does not mention the Compensatory Education Program, employment of teachers for the program, or salary scales for persons who teach in the program, nor is there incorporated therein any provision expressly dealing with “overtime pay” or “after school pay” for the regular full time teachers employed in the “Compensatory Education Program.”
While we think the circuit court may technically have erred in deciding it had no jurisdiction to declare whether the disputed matter was governed by the contract, Public Employees Rel. Comm’n v. District School Board of DeSoto County, 374 So.2d 1005 (Fla. 2d DCA 1979), the court’s finding of no jurisdiction apparently was predicated on the only declaration of rights the court could properly have rendered under the circumstances. Had the court found that the dispute was arguably determinable under the terms of the contract, the proper remedy would have been to require grievance procedures leading to arbitration as required by law. Section 447.401, Florida Statutes (1979). See also Manatee County Municipal Employees Local 1584, etc. v. Manatee County School Board, 6 FPER ¶ 11188 (1980). Here, however, the court found in effect that no provisions in the contract can reasonably be regarded as controlling the compensation to be paid teachers for their after-hours school work. On the facts of this case, we agree with that determination by the circuit court. Having thus recognized that the circuit court determined that the contract does not fix the rights and obligations of the parties, who must therefore avail themselves of other remedies, we AFFIRM the circuit court’s judgment as so construed.
BOOTH, J., concurs.
SHAW, J., concurs and dissents with opinion.